DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that awarded permanent custody of Damion S. and Kenneth S. to appellee Lucas County Children Services ("LCCS"). For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} The children's mother has not appealed the trial court's decision. Appellant Father sets forth the following sole assignment of error: *Page 2 
 {¶ 3} "The trial court erred in granting Lucas County Children Services Board's motion for permanent custody as it was against the sufficiency and/or manifest weight of the evidence to grant it."
 {¶ 4} LCCS received a referral regarding appellant's minor child Kenneth in October 2005. Kenneth was three months old at the time, living with his mother, a minor, in the maternal grandmother's home. On November 15, 2005, an ex parte order was granted giving temporary emergency custody of Kenneth to LCCS. The following day, the agency filed a complaint in dependency and neglect and a motion for shelter care hearing. In its complaint, the agency alleged that Mother is a minor and an unruly child and that Kenneth S., (appellant herein) is the alleged father; that there was a history of physical altercations between Mother and grandmother; that according to grandmother, Mother would leave home for weeks at a time, taking the baby and only a few supplies; that Mother treated Kenneth roughly, yelling at him and spanking him; that after the November 15 staffing, Mother threatened suicide and was taken to Rescue Crisis; and that Mother has a history of depression and uses marijuana. The trial court awarded temporary custody of Kenneth to the agency, and at a mediation held December 22, 2005, both parents agreed to an adjudicatory finding that Kenneth was a neglected child. Case plan services were offered to appellant and Mother. When Damion S. was born to the parents in October 2006, the agency was immediately awarded temporary custody.
 {¶ 5} Case plan services offered the parents included substance abuse assessment, domestic violence counseling, diagnostic assessment, mental health counseling (including *Page 3 
anger management), parenting classes and assistance with establishing independent stable housing. On March 1, 2007, LCCS filed a motion for permanent custody of both children, and on August 10, 2007, a permanent custody dispositional hearing was held. At that time, appellant was serving an 11-month sentence for carrying a concealed weapon; he was represented by counsel at the hearing.
 {¶ 6} The trial court heard testimony from appellant's caseworker, the children's foster mother, their guardian ad litem, and appellant's brother. LCCS caseworker Linda Mosley testified that appellant began substance abuse treatment but did not complete the program. At some point thereafter, appellant was incarcerated for an assault conviction. Mosley later talked to appellant about continuing with his treatment, but appellant never followed through. She testified that appellant left some random drug screens as required, which were positive for marijuana. Appellant was referred to a domestic violence batterer's treatment program, which to Mosley's knowledge he never completed. Appellant also failed to complete the psychological assessment to which he was referred and never engaged in any type of counseling. As to the requirement that appellant find stable housing, Mosley testified that appellant lived with his mother, which the caseworker did not consider a safe environment for the children due to domestic violence incidents that had occurred there. Appellant could not be accepted into parenting classes due to his failure to address mental health and violence issues first. Mosley also testified that she had visited the foster home and that she believed both children had strongly bonded with the foster family. *Page 4 
 {¶ 7} The children's foster mother testified that if the agency received permanent custody she and her husband wished to adopt both children. The children's guardian ad litem testified that, based on her observations and investigation, she did not believe either appellant or Mother could parent the children in the near future and that permanent custody, followed by adoption, was in the children's best interest.
 {¶ 8} By judgment entry filed October 30, 2007, the trial court awarded permanent custody of Kenneth and Damion to LCCS.
 {¶ 9} Appellant now asserts in his sole assignment of error that he was not given sufficient time to complete all of the services required of him. Appellant states that although he was incarcerated at the time of the permanent custody hearing, he was eligible for judicial release and that if it was granted he would be able to complete his case plan services. Appellant argues that the trial court failed to consider all of the evidence presented at trial.
 {¶ 10} In granting a motion for permanent custody, the trial court must find that one or more of the conditions listed in R.C. 2151.414(E) exist as to each of the child's parents. If, after considering all relevant evidence, the court determines by clear and convincing evidence that one or more of the conditions exists, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. R.C. 2151.414(B)(1). Further, pursuant to R.C. 2151.414(D), a juvenile court must consider the best interest of the child by examining factors relevant to the case including, but not limited to, those set forth in paragraphs (1)- *Page 5 
(5) of subsection (D). Only if these findings are supported by clear and convincing evidence can a juvenile court terminate the rights of a natural parent and award permanent custody of a child to a children services agency. In re William S. (1996), 75 Ohio St.3d 95. Clear and convincing evidence is that which is sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} This court has thoroughly reviewed the record of proceedings in this case, from appellant's first involvement with LCCS in October 2005, through the hearing on the motion for permanent custody and the trial court's decision. The trial court's decision in this case addresses all of the relevant statutory factors in detail. The trial court found that LCCS made reasonable efforts to prevent the continued removal of the children from the home by providing case plan management, parenting classes, visitation, counseling referrals, substance abuse assessment and substance abuse treatment. Pursuant to R.C. 2151.414(E)(1), the trial court found that although those services were offered, the conditions that caused the initial removal of the children from the parents' care had not been remedied and that the children could not be returned to either parent within a reasonable period of time. The trial court further found that neither parent was willing to provide an adequate permanent home for the children.
 {¶ 12} In considering the best interest of the children pursuant to R.C. 2151.414(D), the trial court found that the children are in need of a permanent plan and that an award of permanent custody would facilitate an adoptive placement. The trial *Page 6 
court noted the guardian ad litem's recommendation that permanent custody was in the best interest of Kenneth and Damion.
 {¶ 13} Based on our review of the record, we find that the trial court's decision was supported by clear and convincing evidence that an award of permanent custody to the Lucas County Children Services was in the children's best interest. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 14} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., Concur. *Page 1